Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5660 | **DATE** | 12/13/2000 |
| **CASE TITLE** | PHILLIP B. ANDERSON vs. NELSON F. RAUPCCI, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Plaintiff's complaint is dismissed without prejudice. Plaintiff may have until 1/13/01 to file an amended complaint. The amended complaint should comply with all the instructions noted in this Opinion and with Fed.R.Civ.P. 8. If an amended complaint is not filed by 1/13/01, the dismissal will be with prejudice. If plaintiff wishes to proceed in forma pauperis, he should file a completed Application to Proceed Without Prepayment of Fees and Affidavit which has been enclosed with this order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 18 2000 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 3 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 00 DEC 15 PM 4:30 | | |
| TBK | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

Phillip B. Anderson, )
      Plaintiff, )
v. ) No. 00C5660
) Judge Ronald A. Guzman
Nelson F. Raupcci, Charles E. Freeman, )
Donald Snyder, Jim Ryan, Janet Reno, )
and Rodger A. Sommer, )
      Defendants. )

DOCKETED
DEC 18 2000

## MEMORANDUM OPINION AND ORDER

Plaintiff's complaint was accepted for filing pursuant to Rule 5(e) of the Federal Rules of Civil Procedure. For the reasons stated in this opinion, we dismiss plaintiff's complaint without prejudice.

## BACKGROUND FACTS

Pro se plaintiff Phillip B. Anderson filed a Petition For Writ of Mandamus And Writ of Deceit and Remedy against Nelson F. Raupcci, Charles Freeman, Donald Synder, Jim Ryan, Janet Reno and Rodger Sommer. The complaint was presented without a filing fee or in forma pauperis petition. It is impossible from the text of the complaint to determine exactly the causes of action plaintiff is attempting to allege. It is also unclear which defendants did what. Part of plaintiff's complaint seeks equitable relief but the basis upon which this relief in sought is not stated. In another section of the complaint plaintiff allegedly seeks an exemplary judgment for an alleged unlawful conspiracy which prevented him from working on his new economic theory "Maximum Recourse Optimization and Energy Conservation." Plaintiff in another section of the

3

complaint alleges some type of conspiracy theory based upon the entering of a sham order from the clerk's office of the Illinois Supreme Court when he was illegally hustled off to a Security Hospital and two miracles happened there: "[b]reakfast rolls multiplied and a short batch of potatoes served the main lunch line, as plaintiff was passing out the food in the dining hall." The next section of the complaint seeks a Writ of Habeas Corpus based upon the following allegations: "[s]hown to this D.C. is the sham and pretense of the Illinois Supreme Court and the Court of Claims." Plaintiff claims that he never attended any sanity hearings and got himself out of the Illinois Security Hospital by filing petitions. The guards, et al, were not to contest his learning due to the fact of the extraordinary phenomena which happened there. They did not report these happenings to any higher authority or anyone else. Plaintiff was illegally sent there to terrorize him. There was a prisoner there who had killed two guards as meals were being served was put under permanent lock up, he was too dangerous to even shower. He was criminally insane. The conspirators labeled Petitioner, so they blame any negative consequences upon El Nino in nature and prevent plaintiff from working and doing business in the profession of his trade of his choice or even holding a job. The State of Illinois has had a good sport, it is time for it to end.

The federal in forma pauperis statute, codified at 28 U.S.C. § 1915, is designed to provide indigent litigants meaningful access to the courts. *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S. Ct. 1827, 104 L. Ed. 2d 338(1989). Under § 1915(a)(1), a district court "may authorize the commencement, prosecution or defense of any suit, action or proceeding" by persons unable to pay filing fees and costs. Although a person must demonstrate in an affidavit that his poverty prevents him from simultaneously paying the administrative fees to commence his lawsuit and

Page 2

providing the necessities of life for himself and his dependents, *Zaun v. Dobbin,* 628 F. 2d 990, 992 (7th Cir. 1980(citing *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 339, 69 S. Ct. 85, 93 L. Ed. 43 (1948)).

Access to the courts under § 1915 is not unlimited, however. To prevent abusive or captious litigation, the statute provides that "the court shall dismiss the case at any time" if it determines that the petitioner's action "is frivolous or malicious" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(iii). A complaint is frivolous if it lacks any arguable basis either in law or in fact." *Nietzke,* 490 U.S. at 325. A finding of factual frivolousness is appropriate "when the facts alleged rise to the level of irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them. *Denton v. Hernandez,* 504 U.S. 25, 32-33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992); see also *Castillo v. Cook County Mail Room Dept.,* 990 F. 2d 304, 307 (7th Cir. 1993)( citing *Denton* and *Neitzke* for the proposition that a claim may be dismissed if it contains factual allegations that are "fanciful," "fantastic," or "delusional"). A pro se complaint, "however, in artfully pleaded," shall be liberally construed." *Castillo,* at 307.

Plaintiff's complaint has a number of problems. First, the jurisdictional basis of plaintiff's complaint is not entirely clear. Plaintiff also fails to provide "a short and plain statement of the grounds upon which the court's jurisdiction depends" as required by Federal Rule of Civil Procedure 8(a)(1). Although, the Civil Cover Sheet filed with the complaint indicates this is a federal question suit to which the United States is not a party, plaintiff lists Janet Reno as a defendant. Nor does it appear from the complaint that all parties are diverse and the conduct each defendant allegedly engaged in is totally unclear.

Page 3

Even if plaintiff had correctly stated a jurisdiction basis in his complaint, he fails to state a claim on which relief can be granted. Federal Rule of Civil Procedure 8(a)(2) requires Plaintiff to Provide "a short and plain statement of the claim showing that [he] is entitled to relief." In other words, he "must allege sufficient facts to outline the causes of action, proof of which is essential to recovery. *Ellsworth v. City of Racine,* 774 F. 2d 182, 184 (7th Cir. 1981). We are unable to discern a factual basis for plaintiff's claims; therefore, the petition to proceed in forma pauperis is denied and the complaint is dismissed.

## CONCLUSION

Plaintiff's complaint is dismissed without prejudice. Plaintiff may have until January 13, 2001 to file an amended complaint. The amended complaint should comply with all of the instructions noted above and with Federal Rule of Civil Procedure 8. If an amended complaint is not filed by January 13, 2001, the dismissal will be with prejudice. If plaintiff wishes to proceed in forma pauperis, he should file a completed Application To Proceed Without Prepayment of Fees and Affidavit which has been enclosed with this order.

**SO ORDERED:**    **ENTERED:**

DATE: 12/13/00

RONALD A. GUZMAN
**UNITED STATES JUDGE**



**UNITED STATES DISTRICT COURT**
NORTHERN DISTRICT OF ILLINOIS
219 SOUTH DEARBORN STREET
CHICAGO, ILLINOIS 60604

**MICHAEL W. DOBBINS**
CLERK

312-435-5670

September 16, 2000

To:   RONALD A. GUZMAN

In Re: PETITION FOR LEAVE TO FILE AND PROCEED IN FORMA PAUPERIS
CASE NO. 00-CV-5660

The attached case was filed pursuant to Local General Rule 11(b) as amended July 3, 1995. If there is no order entered on the petition to proceed in forma pauperis within sixty (60) days from September 11, 2000, the Clerk will enter an order giving leave to proceed in forma pauperis.